UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Mark S. Erickson,

        Plaintiff,

v.

The Prudential Insurance Company of America,

        Defendant.

Civil Case No.: 22-cv-3

**COMPLAINT**

The Plaintiff in the above entitled action, as and for his Complaint against the above-named Defendant, states and alleges as follows:

### NATURE OF ACTION, JURISDICTION, PARTIES AND VENUE

1. The present action is a claim for long-term disability benefits and arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* (ERISA).

2. Plaintiff, Mark S. Erickson, is an individual who, at all times relevant, resided in the County of Anoka, State of Minnesota. At all times relevant hereto, Plaintiff was an employee of CenterPoint Energy, Inc..

3. At all times relevant hereto, through his employment, Plaintiff was a participant in the group long-term disability insurance plan number 50087 issued to CenterPoint Energy, Inc. by Prudential Insurance Company of America (Prudential). Prudential has solely handled the administration of Plaintiff's claims.

1

4. As this action involves employee benefit plans governed by ERISA, this Court has jurisdiction of this matter pursuant to 29 U.S.C. § 1132(e)(1).

5. Defendant Prudential is the insurer and is liable for any benefits under the Plan. Defendant Prudential is a corporation which conducts and transacts insurance business within the State of Minnesota. Prudential is licensed by the Minnesota Department of Commerce to conduct insurance business in the State of Minnesota. The address as registered with the Minnesota Department of Commerce is:

> Prudential Insurance Company of America
> 100 Mulberry Street, Gateway 3, 7th Floor
> Newark, NJ  07102-4061

The address as listed in the Plan is:

> The Prudential Insurance Company of America
> 751 Broad Street
> Newark. New Jersey 07102

## **RECITATION OF FACTS**

6. At all times relevant hereto, Plaintiff was employed by CenterPoint Energy, Inc. as a Leak Surveyor Technician II.

7. Through his employment, Plaintiff was a participant in group plan number 50087.

8. On June 1, 2017, Plaintiff ceased working due to adverse health conditions. It is the opinion of his medical providers that she was and is unable to perform the material and substantial duties of his own or any occupation as defined in the plan.

9. After initially denying his claim, Defendant approved Plaintiff's claim for a limited pay period of twenty four months.

10. Defendant terminated Plaintiff's disability benefits beyond November 27, 2019 as they claimed he was not physically unable to perform his or any other occupation

11. Plaintiff timely appealed the adverse benefit determination, submitting additional support as requested by Defendant proving that he was physically unable to perform the duties of his or any substitute occupation.

12. Via letter dated December 3, 2021, Plaintiff was informed that the original decisions to deny his claim was being upheld.

13. Via the same letter Plaintiff was advised that he his claim was closed and he had exhausted his administrative remedies.

## CLAIM FOR RECOVERY OF BENEFITS AND ENFORCEMENT OF PLAINTIFF'S RIGHTS UNDER ERISA

14. Plaintiff re-alleges and incorporates by reference each allegation set forth in the preceding Paragraphs.

15. Defendant has violated the clear and unambiguous terms of the applicable Policies, ERISA and applicable regulations in ignoring the facts of Plaintiff's case and adverse health conditions as a whole, and in denying Plaintiff's claims for ongoing benefits.

16. As a proximate result of Defendant's violation of ERISA, applicable regulations and the terms of the Plan, Plaintiff has been harmed and deprived of benefits due under the terms of the plan.

17. Plaintiff is entitled to legal and equitable relief as a result of Defendant's violations of ERISA, applicable regulations and the terms of the plan, including, but not limited to

payment of long-term disability benefits and any other benefits wrongfully denied under the terms of the plan, together with appropriate interest; and, an order for all other appropriate relief including attorneys' fees and costs.

WHEREFORE, Plaintiff demands judgment against Defendant for an Order from the Court determining that Defendant's decision to deny benefits were in violation of the plan and applicable law, and for the sum of past benefits as provided in the plan, as well as future benefits so long as he remains disabled in accordance with the terms of the plan, together with interest, penalties, attorneys' fees, costs and disbursements in this action, as well as other equitable relief and penalties pursuant to ERISA and otherwise as provided by law.

Dated this 3rd day of January, 2022.

**BEEDEM LAW OFFICE**

*s/ Alesia R. Strand*

_____
Thomas J. Beedem (19668X)
tjb3@beedemlaw.com
Alesia R. Strand (0332884)
ars@beedemlaw.com
222 South Ninth Street, Suite 1600
Minneapolis, MN  55402
(612) 305-1300  Phone
(612) 339-5765  Facsimile

ATTORNEYS FOR PLAINTIFF